UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**MARIE D. TALBERT**  CIVIL ACTION

**VERSUS**  NO. 21-850-WBV-DMD

**INDIAN HARBOR INSURANCE**  SECTION: D (3)
**COMPANY, ET AL.**

## ORDER

On April 28, 2021, defendant Indian Harbor Insurance Company ("Indian Harbor") filed a Notice of Removal, asserting that the Court has subject matter jurisdiction over this car accident case based upon 28 U.S.C. § 1332, diversity jurisdiction.[1] The Notice of Removal, however, fails to establish that the amount in controversy is likely to exceed $75,000 in this case. Where, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[2] A defendant can satisfy this burden in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000.00; or (2) by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[3]

---

[1] R. Doc. 1 at Introductory Paragraph.
[2] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).
[3] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)) (internal quotation marks omitted).

Here, Indian Harbor claims that it is facially apparent from the state court Petition for Damages that Plaintiff's claim exceeds $75,000 because Plaintiff alleges that she suffered "severe personal injuries requiring medical treatment," and because Plaintiff seeks several categories of damages, including past and future physical pain and suffering; past and future mental anguish; disability; past and future medical expenses; loss of enjoyment of life; disability from engaging in recreation; destruction of earning capacity; and loss of consortium.[4] Indian Harbor further claims that Plaintiff has not responded to its request for a stipulation that Plaintiff's damages do not exceed $75,000.[5] Although Plaintiff claims that she suffered "severe personal injuries" and "disability" as a result of the underlying car accident, neither Plaintiff nor Indian Harbor has provided any information regarding the actual injuries Plaintiff allegedly sustained as a result of the accident. And while Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages.[6]

---

[4] R. Doc. 1 at ¶ XIII (*citing* R. Doc. 1-1 at ¶¶ 5, 10).
[5] R. Doc. 1 at ¶ XIII.
[6] While the Court is cognizant of *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000) (finding it facially apparent that the amount in controversy was met where plaintiff alleged injuries to upper and lower back, right wrist and left knee and patella, and claimed damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, permanent disability and disfigurement), the Court directs Indian Harbor's attention to this Court's recent decision in *Sims v. Family Dollar Stores of Louisiana, Inc.*, Civ. A. No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019) ("Defendant has produced no evidence about Plaintiff's injuries in this case. Defendant's focus on Plaintiff's vague allegation of 'permanent disability' and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal."). *See also*, *Lewis v. Mountain Laurel Assurance Company*, Civ. A. No. 19-12634, 2020 WL 859507, at *2 n.13 (E.D. La. Feb. 21, 2020) (granting a motion to remand for lack of diversity jurisdiction and citing *Sims* in concluding that, "This Court has previously held that, where a defendant produces no evidence about a plaintiff's injuries and merely relies on plaintiff's general allegations of damages, the defendant fails to carry its burden of proof to justify removal.").

The Fifth Circuit has held that, "Federal courts may examine the basis of jurisdiction sua sponte, even on appeal."[7] Although Plaintiff has not filed a motion to remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant, Indian Harbor Insurance Company, shall have **ten (10) days** from the date of this Order to file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a). The supplemental memorandum shall be limited to **ten (10) pages** and shall specifically address whether the amount in controversy is satisfied in this case. Once the Court has reviewed the supplemental memorandum, the Court will either allow the case to proceed if jurisdiction is present or take further action if jurisdiction is lacking. **Failure to comply with this Order may result in dismissal of the Notice of Removal.**

New Orleans, Louisiana, May 4, 2021.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[7] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).