UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIE D. TALBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-850-WBV-DMD** |
| **INDIAN HARBOR INSURANCE COMPANY, ET AL.** | **SECTION: D (3)** |

ORDER AND REASONS

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332, and the matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

I. FACTUAL AND PROCEDURAL HISTORY

This matter arises out of a car accident that allegedly occurred on or about March 5, 2020 in St. Bernard Parish, Louisiana. On or about March 5, 2021, Marie D. Talbert filed a Petition for Damages in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, against Indian Harbor Insurance Company ("Indian Harbor"), Esurance Insurance Company ("Esurance"), and Destany M. Galliand.[1] Plaintiff alleges that on or about March 5, 2020, while traveling west on La. Highway 46 (St. Bernard Highway), Galliand was travelling east on St. Bernard Highway when, suddenly and without warning, Galliand attempted to make a left-hand turn onto Judy Drive and collided with Plaintiff's vehicle.[2] Plaintiff alleges that as a result

---

[1] R. Doc. 1-1.
[2] *Id*. at ¶¶ 3-4.

of the accident, she suffered "severe personal injuries requiring medical treatment."[3] Plaintiff further alleges that at all times pertinent hereto, Galliand was operating in her capacity as a ride-share driver for Lyft, Inc.[4] Plaintiff alleges that Indian Harbor provided a policy of insurance to Lyft, Inc., which provides coverage for the claims asserted in her Petition.[5] Plaintiff seeks damages for past and future physical pain, suffering, and discomfort; past and future mental anguish, aggravation, and annoyance; disability; past and future medical expenses; loss of enjoyment of life; disability from engaging in recreation; destruction of earning capacity; loss of consortium; loss of love and affection; and any and all other damages proven at trial.[6] Plaintiff specifically reserved her right to a trial by jury.[7]

On April 28, 2021, Indian Harbor filed a Notice of Removal, asserting that this Court has subject matter jurisdiction over the case based upon 28 U.S.C. § 1332, diversity jurisdiction.[8] Indian Harbor claims that removal is timely under 28 U.S.C. § 1446 because it did not receive notice of the state court Petition until on or after March 29, 2021.[9] Indian Harbor asserts that the parties are completely diverse because Plaintiff is a Louisiana citizen, Indian Harbor is a citizen of Delaware and Connecticut, Esurance is a citizen of Wisconsin and California, and Galliand is a

---

[3] *Id.* at ¶ 5.
[4] *Id.* at ¶ 6.
[5] *Id.* at ¶ 8. The Petition also alleges that, "At all times relevant hereto, Esurance Insurance Company provided a policy of liability insurance on the vehicle owned and operated by Fortmayer, which policy provides coverage for the claims being asserted herein. Therefore, State Farm Mutual Automobile Insurance Company named [sic] as a Party Defendant herein." *Id.* at ¶ 7. The Petition contains no other reference to State Farm Mutual Automobile Insurance Company or anyone named "Fortmayer."
[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 1 at Introductory Paragraph and ¶ III.
[9] *Id.* at ¶ II.

citizen of Mississippi.[10] Indian Harbor further asserts that it is facially apparent from the allegations in the state court Petition that the amount in controversy exceeds $75,000, exclusive of costs and interest.[11] Indian Harbor points to Plaintiff's allegations that Galliand "suddenly and without warning" attempted to make a left-hand turn when she collided with Plaintiff's vehicle, and Plaintiff's allegation that she suffered severe personal injuries requiring medical treatment.[12] Indian Harbor also relies on the fact that Plaintiff seeks to recover several categories of damages, and that Plaintiff had not responded to its request for a stipulation that her alleged damages will not exceed $75,000 or provided such a stipulation.[13]

After reviewing the Notice of Removal, the Court issued an Order *sua sponte* on May 4, 2021, stating that it was unclear whether Indian Harbor had satisfied its burden of proving that the amount in controversy exceeded $75,000 at the time of removal.[14] The Court pointed out that although Plaintiff claims she suffered "severe personal injuries" and "disability" as a result of the underlying car accident, neither Plaintiff nor Indian Harbor had provided any information regarding the actual injuries Plaintiff allegedly sustained as a result of the accident.[15] The Court also pointed out that while Plaintiff seeks several items of damages, there was no indication of the amount in controversy related to her alleged damages.[16] Thus, the Court found that it was not facially apparent from Petition that Plaintiff's claims are

---

[10] *Id.* at ¶¶ IV-VIII.
[11] *Id.* at ¶¶ XI-XIV.
[12] *Id.* at ¶¶ XII-XIII (*quoting* R. Doc. 1-1 at ¶¶ 4, 5) (internal quotation marks omitted).
[13] R. Doc. 1 at ¶ XIII (*citing* R. Doc. 1-2).
[14] R. Doc. 4.
[15] *Id.* at p. 2.
[16] *Id.*

likely to exceed $75,000 in this case. The Court gave Indian Harbor 10 days to file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a). The Court also advised Indian Harbor that, "Once the Court has reviewed the supplemental memorandum, the Court will either allow the case to proceed if jurisdiction is present or take further action if jurisdiction is lacking."[17]

On May 14, 2021, pursuant to the Court's May 4, 2021 Order, Indian Harbor filed a Memorandum In Support of Subject Matter Jurisdiction (the "Supplemental Memorandum").[18] Indian Harbor asserts that it requested Plaintiff's medical records from Plaintiff's counsel, but that Plaintiff had not provided any of the requested records as of the date the Supplemental Memorandum was filed.[19] Indian Harbor also points to the fact that Plaintiff has not responded to its request for a stipulation that her damages do not exceed the jurisdictional threshold of this Court.[20] Indian Harbor asserts that the parties have not yet exchanged responses to discovery or initial disclosures and, as a result, Indian Harbor concedes that, "Defendant does not possess any evidence to submit in support of the amount in controversy requirement for removal."[21] Nonetheless, Indian Harbor maintains that the damages sought in Plaintiff's Petition demonstrate that she intends to allege damages in excess of $75,000.[22] Indian Harbor asserts that, because Plaintiff has not provided a stipulation that her damages do not exceed $75,000, it removed this case "out of an

---

[17] *Id.* at p. 3.
[18] R. Doc. 5.
[19] *Id.* at pp. 2, 3 (*citing* R. Doc. 5-1).
[20] R. Doc. 5 at p. 2.
[21] *Id.* at p. 3.
[22] *Id.* at p. 4 (citing *Simon v. Wal-Mart*, 193 F.3d 848 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)).

abundance of caution" based upon "the allegations in the Petition alleging disability and further damages."[23]

## II.  LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[24] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[25] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[26] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[27] The removing party has the burden of proving federal diversity jurisdiction.[28] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[29]

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[30] As such, a

---

[23] R. Doc. 5 at p. 4.
[24] 28 U.S.C. § 1441(a).
[25] 28 U.S.C. § 1332(a)-(a)(1).
[26] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[27] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[28] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[29] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[30] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (*citing* La. Code Civ. P. arts. 893 & 862).

defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[31] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[32] If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[33]

Remand is proper if at any time the court lacks subject matter jurisdiction.[34] Additionally, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."[35] "Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction."[36]

---

[31] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[32] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).
[33] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).
[34] *See,* 28 U.S.C. § 1447(c).
[35] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).
[36] *Harrison v. Crowley Maritime Corporation*, 181 F. Supp. 3d 441, 443 (S.D. Tex. 2016) (citing *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995)).

## III.   ANALYSIS

Applying the foregoing principles to the Notice of Removal, the Court finds that Indian Harbor has failed to carry its burden of proving that the Court has diversity jurisdiction over this case. Because Plaintiff's state court Petition does not allege a specific amount of damages, Indian Harbor must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case. Indian Harbor contends that it is facially apparent from the state court Petition that Plaintiff's damages exceed $75,000 because she has alleged "disability" and several categories of damages. As stated in the Court's May 4, 2021 Order, however, the Petition provides no information regarding Plaintiff's injuries.[37] Indian Harbor has likewise failed to provide any information regarding Plaintiff's injuries in either its Notice of Removal or Supplemental Memorandum. Although Indian Harbor claims that it requested, but had not yet received, a copy of Plaintiff's medical records from Plaintiff's counsel, the Court notes that Indian Harbor did not request those records until the day *after* the Court issued its May 4, 2021 Order.[38]

Further, as the Court previously advised, the Petition provides no indication of the amount in controversy regarding Plaintiff's alleged damages.[39] It is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, "does not provide

---

[37] R. Doc. 4 at p. 2.
[38] R. Doc. 5-1.
[39] *Id.*

sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[40] As the Court noted in its May 4, 2021 Order, another Section of this Court has repeatedly held that, "where a defendant produces no evidence about a plaintiff's injuries and merely relies on plaintiff's generic allegations of damages, the defendant fails to carry its burden of proof to justify removal."[41] The Court further finds that Indian Harbor's reliance on Plaintiff's failure to stipulate that her damages are less than $75,000 as an indication that her damages exceed $75,000 is unavailing. "The burden on Defendants 'to produce information' that the amount in controversy exceeds $75,000 is an 'affirmative' one."[42] Moreover, the Fifth Circuit has made clear that a plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [removing defendant] of its burden to support federal jurisdiction at the time of removal."[43]

Based on the foregoing, the Court finds that Indian Harbor has failed to show that it is facially apparent from Plaintiff's state court Petition that her damages exceed $75,000. The Court further finds that Indian Harbor has failed to submit any evidence to show that Plaintiff's damages exceed $75,000 in this case. Because the

---

[40] *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158, at *3-4 (E.D. La. Dec. 19, 2014) (quotation omitted) (citing authority).
[41] *Lewis v. Mountain Laurel Assurance Company*, Civ. A. No. 19-12634, 2020 WL 859507, at *2 (E.D. La. Feb. 21, 2020) (citing *Sims v. Family Dollar Stores of Louisiana, Inc.*, Civ. A. No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019)); *Sims*, Civ. A. No. 18-8616, 2019 WL 140853 at *2 ("Defendant has produced no evidence about Plaintiff's injuries in this case. Defendant's focus on Plaintiff's vague allegation of 'permanent disability' and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal.").
[42] *Hill v. Alford*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (E.D. La. Feb. 9, 2018) (citing *Simon v. Wal-Mart*, 193 F.3d 848, 851 (5th Cir. 1999) (holding that defendant 'had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.")) 
[43] *Hill*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (quoting *Simon*, 193 F.3d at 851).

removal statute is strictly construed and any doubt as to the propriety of removal must be resolved in favor of remand, the Court finds that Indian Harbor has failed to carry its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 in this case, exclusive of interest and costs. Thus, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and remand is required.

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, May 28, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**